DAVIS, IN RE.

Juvenile Court, Marion County.

No. 8124-J.

RUZZO, J. Lawrence Donald Davis, a resident of Marion, Ohio, was formally charged in a complaint filed in the Juvenile Court of this county with aiding and abetting the commission of a felony, which occurred in Galion, Crawford County, Ohio, on or about July 1, 1961.

Although the offense occurred in Crawford County, complaint was filed in Marion County pursuant to the provisions of Section 2151.27, Revised Code, which provides in part that a complaint in delinquency may be filed either in the county in which the child has a residence or legal settlement or in which the act of delinquency occurred.

The complaint was filed on July 12, 1961, and the juvenile in question arrived at the age of eighteen on July 13, 1961. This fact alone did not deprive the Juvenile Court of jurisdiction by reason of the provisions of Section 2151.35, Revised Code, which gives the Juvenile Court jurisdiction if the act of delinquency occurred before the age of eighteen, even though the specific complaint is not filed or hearing held until after the child arrives at the age of eighteen.

Preliminary hearing was held in this court on July 19, 1961, at which time said Lawrence Donald Davis readily admitted the truth of the allegations contained in the complaint. Thereupon the Court, taking into consideration his previous record of delinquent behavior, deemed it to be his best interests as well as for the best interests and protection of society that he be tried as an adult offender under the provisions of Section 2151.26, Revised Code, and accordingly directed his appearance before the Court of Common Pleas of Marion County at the next term thereof. A psychiatric examination had been conducted pursuant to the requirements of the last-cited section.

However, after further consideration and deliberation and before the order binding him over to the grand jury was journalized, the Court arrived at the conclusion that once the Juvenile Court waives its jurisdiction to try the offender as a juvenile, thereafter he must be tried as an adult and all of the procedural provisions of the criminal laws are applicable to his case. Accordingly, reference must be made to the provisions of the Ohio Constitution, Article I, Section X, which provides that a defendant is entitled to a trial by jury of the county in which the offense occurred. Further reference must then be made to the provisions of Section 2945.08, Revised Code, which, by analogy, would appear to be applicable to this case. The last-cited section reads as follows:

"If it appears, on the trial of a criminal cause, that the

offense was committed within the exclusive jurisdiction of another county of this state, the court must direct the defendant to be committed to await a warrant from the proper county for his arrest, but if the offense is a bailable offense the court may admit the defendant to bail with sufficient sureties conditioned, that he will, within such time as the court appoints, render himself amenable to a warrant for his arrest from the proper county, and if not sooner arrested thereon, will appear in court at the time fixed to surrender himself upon the warrant.

"The clerk of the court of common pleas shall forthwith notify the prosecuting attorney of the county in which such offense was committed, in order that proper proceedings may be had in the case. A defendant in such case shall not be committed nor held under bond for a period of more than ten days."

It is, therefore, the opinion of this Court that, having waived jurisdiction to handle this boy's case under the provisions of the Juvenile Code, it is, therefore, encumbent upon the Court to order further proceedings pursuant to the above-quoted section. Accordingly, this 21st day of July, 1961 the defendant was returned into open court for further hearing in the presence of his counsel, J. C. A. Arter, Sr., and the Prosecuting Attorney and was, thereupon, advised that he would be remanded into the custody of the County Sheriff to await appropriate proceedings by Crawford County authorities and that his bond for such appearance would be fixed in the amount of one thousand dollars ($1,000.00).

*Query*:—Could the Juvenile Court of Marion County direct appearance before the Common Pleas Court of Crawford County? Probably not under the constitutional provision coupled with the legal maxim of statutory construction "*Expressio Unius Est Exclusio Alterius.*" The Legislature expressed the procedure to be followed in Section 2945.08, Revised Code.

Edward J. Ruzzo, Judge